Vance v. English.

---

No. 8657.

## VANCE v. ENGLISH.

PROMISSORY NOTE.—*Principal and Surety.*—*Collateral Securities.*—*Answer.*— To a suit against the maker and two endorsers of negotiable notes, one of the endorsers answered that she endorsed merely as surety of the maker; that she was induced to do so by reason of the fact that the notes were secured by a mortgage on real estate of ample value to make this indebtedness and an older mortgage thereon for a small sum; that a suit was. brought to foreclose the older mortgage, to which the plaintiff was made a party; that he suffered a judgment of foreclosure, and that the real estate was sold to satisfy the older lien, and the time for redemption allowed to expire, without her knowledge, the plaintiff giving her no, notice thereof.

*Held*, that the plaintiff had a right to be passive as to the mortgage security, and was under no legal obligation to notify the endorser of said suit, and, therefore, that the answer was bad on demurrer.

From the Marion Superior Court.

*S. Claypool, H. C. Newcomb* and *W. A. Ketcham,* for appellant.

*J. R. Wilson,* for appellee.

NIBLACK, J.—Suit by the appellee, William H. English, against Jacob C. Dick, as the maker, and Samuel C. Vance and Mary J. Vance, as the endorsers, before maturity, of two negotiable promissory notes, one for $1,580, and the other, $158, and both dated July 24th, 1875, and payable to the appellant, Mary J. Vance, three years after date.

Dick made default, and there was a return of "not found" as to Samuel C. Vance.

Mary J. Vance answered, admitting her endorsement of the notes, but averring that she endorsed the same as the surety of her co-defendant Dick, and not otherwise; "that at the time of her endorsement, the notes were fully secured by a mortgage on a lot in one of the additions to the city of Indianapolis, then worth the sum of $3,000; that the only other incumbrance on said lot was an older mortgage to one Elijah T. Fletcher, to secure an indebtedness for about the sum of $400; that she was induced to endorse the notes by reason of their being secured by said mortgage, and would not have endorsed the same if they had not been so secured, as she had no other security for her endorsement; that the plaintiff well knew that she was only liable on the notes as the surety of the said Dick, and that her said endorsement was secured by said mortgage; that after her endorsement of the notes, and while the plaintiff was the owner of the same, the said Elijah T. Fletcher instituted an action in the Superior Court of Marion county against the said Dick and the plaintiff to foreclose his senior mortgage on the mortgaged lot; that the plaintiff, well knowing that she, the said Mary J. Vance, had no other security for her endorsement of the notes than the mortgage executed to secure the same, and residing within a half mile of her residence wholly failed and neglected to notify her of the com-

mencement or pendency of said action by the said Fletcher and suffered judgment therein to be taken against him by default, to the effect that he had no interest in the mortgaged lot; that she never received any notice whatever of the pendency of such suit, and the foreclosure of the Fletcher mortgage as a result of that suit, until after the mortgaged lot had been sold under the foreclosure proceedings, and the time for the redemption of the lot from such sale had expired, all of which was before the maturity of the notes in suit, and by reason of which the security afforded by the mortgage given to secure the notes became and was wholly lost to her; that the said Dick had become wholly insolvent. Wherefore she claimed that she had been discharged from all liability on said notes."

The court below, at special term, sustained a demurrer to this answer, and the defendant Mary J. Vance refusing to answer further, judgment was rendered against her and her co-defendant, Dick, for the full amount of the notes.

The said Mary J. Vance thereupon appealed to the general term, assigning error upon the decision at special term, sustaining the demurrer to her answer, but the judgment at special term was affirmed.

Error is assigned here upon the proceedings at general term.

It is argued on behalf of the appellant, with great earnestness, that the appellee was under a legal obligation to notify her of the institution of the suit against Dick and him, to foreclose the Fletcher mortgage, and that by reason of his failure to so notify her, and of the consequences which resulted to her from such failure, she became discharged from all liability on account of her indorsement of the notes sued upon in this action; that consequently the court below, at special term, erred in sustaining the demurrer to her answer.

A surety has an undoubted right, upon payment of the debt of his principal, to have the full benefit of all the collateral

securities which the creditor may hold as an additional pledge for his debt.

It is also the duty of the creditor to use all reasonable care in the preservation of all collateral securities which he may have acquired for the security of his debt, and to which the surety has a right to become subrogated on payment of the debt, but it has never been held that the mere passiveness of the creditor in the collection of his debt, either of the principal debtor, or from collateral securities held by him, is sufficient ground for discharging the surety.

As regards collateral securities, the creditor must be guilty of some wrongful act, such as by a release or fraudulent surrender of such securities in order to discharge the surety.

In treating of the general subject of the duties and liabilities of a creditor, as to collaterals which he may hold for his debt, and in which a surety may be interested, the court, in the case of *Schroeppell* v. *Shaw*, 3 Comstock 446, after reviewing several decided cases, says: "Thus, it will be seen, that, in reference to collateral securities, the rule is the same as in reference to the collection of the debt of the principal debtor. The creditor is under no obligation of active diligence for the protection of the surety, so long as the surety himself remains inactive. Until the surety moves in the matter, it is enough that the creditor holds himself in readiness to transfer to him, when he applies, all the securities he holds, that he may have the benefit of such securities in aid of his own responsibility." See, also, the following authorities: *Philbrooks* v. *McEwen*, 29 Ind. 347; *Hayes* v. *Ward*, 4 Johns. Ch. 123; *Freaner* v. *Yingling*, 37 Md. 491; Brandt on Suretyship, secs. 372, 373 and 374.

Numerous authorities are cited on behalf of the appellant, but none of them are in conflict with the principles enunciated as above.

The appellee was not bound to any active diligence concerning the mortgage given to secure the notes endorsed by the appellant, and it was not averred that he made any release,

transfer or other disposition of the mortgage prejudicial to the rights of the appellant. He had the right to maintain an action on the notes against the maker and endorsers without resorting to the mortgage. *Allen* v. *Woodard*, 125 Mass. 400. It was consequently optional with him as to whether he would avail himself of the security afforded by the mortgage. Being thus not compelled to resort to the mortgage, he was under no obligation to pay off the Fletcher mortgage, or to do any other affirmative act, to preserve the lien reserved by the mortgage.

As has been seen, the appellant averred in her answer, that she was induced to endorse the notes because of the security for their payment which resulted from the mortgage. The inevitable inference from that averment is, that, when she made the endorsement, she had full information as to value of the security which was created by the mortgage, and of the means which might become necessary to protect such security and to make it available in the event that she should become liable upon her endorsement.

If, when she endorsed the notes, she relied upon the mortgage for her indemnity, she was much more interested in maintaining intact the lien of the mortgage than was the appellee, and it devolved upon her to take whatever measures were necessary for the preservation of that lien in case she continued to rely upon it.

It follows, from what we have said, that the appellee was under no legal obligation to notify the appellant of the institution of the suit by Fletcher to foreclose his mortgage, and that the demurrer to the appellant's answer was correctly sustained.

The judgment at general term is affirmed, with costs.