Morgan *et al. v.* Board of Commissioners of Rush County.

---

No. 9254.

## MORGAN ET AL. *v.* BOARD OF COMMISSIONERS OF RUSH COUNTY.

SOLDIERS' BOUNTY.—*Burden of Proof on Claimant.*—The board of commissioners of Rush county offered a bounty to volunteers enlisting in the military service of the United States, the offer to cease whenever the quota of the county was full.

*Held,* in an action by a claimant to recover the bounty, that the burden of proof was upon him to show that he enlisted and was credited to the county before the quota had been filled.

From the Rush Circuit Court.

*C. Cambern,* for appellants.

*W. A. Cullen* and *B. L. Smith,* for appellee.

WOODS, J.—The appellants each claimed of the appellee a sum alleged to be due him for enlistment to the credit of the county as a soldier in the war of the Rebellion. Their claims

were consolidated, and submitted to the court below, upon an agreed statement of the facts, under the 389th section of the code.

The statement of facts shows that on the 10th day of November, 1863, the board of commissioners of Rush county adopted and entered of record an order, of the tenor following, to wit:

"1st. That there shall be paid out of the county treasury to every man who shall volunteer for three years, or during the war, in Rush county, and for whom said county shall be credited, * * the sum of $200.

"2d. It is further ordered that said sum of $200 shall be paid by the county treasurer to each volunteer personally, or to his order, upon the order of the county auditor, who is authorized to issue his order therefor whenever the volunteer shall have been mustered into the service of the United States, and the certificate of the mustering officer, that the volunteer has been mustered into said service, shall be sufficient to authorize the auditor to issue his order for said sum to each volunteer: *Provided* always, that said bounty shall cease whenever the quota of said county shall be full, or until the 4th day of January, 1864, if the quota shall not have been made up before that time."

And at a special session in February, 1864, the board of commissioners made a further order, of the tenor following:

"The board agree to pay to 155 men, or so many as may be necessary to clear the county from the draft under the late call, the sum of $200 each, to be paid to veterans who re-enlist and are credited to the county, and also to those who enlist under the former call for 300,000, and have not received their bounty; and it is expressly ordered that the *bona fide* citizens of the county are to have the preference before outsiders are paid, and the said bounty is to be paid under the same rules and regulations that the former bounty was paid, and the orders made at that time are made a part of this order."

That pursuant to said orders the claimants enlisted in Com-

pany K, 123d Regiment, Indiana Volunteers, and were duly mustered into the service on the 3d day of March, 1864, and were on said day duly credited to said county, and on that day each of them made a demand for said bounty upon the auditor of said county, but the auditor refused to pay them or any of them, and they have each never received any bounty from said county.

That the quota of the county was 365 men, and up to March 2d, 1864, there were 355 men who had been duly mustered into the service and credited to the county and were entitled to the bounty under said orders; and on the 3d day of March, 1864, the same day the plaintiffs were mustered in, the quota of the county lacked ten men of being full; that on that day there were sixty-seven men mustered into said service and credited to said county, of which number fifty-four were paid said bounty, the plaintiffs being among the thirteen men unpaid; that the fifty-four men demanded and received their bounty before any demand was made by the plaintiffs.

"The court," according to the recital of the record, "having heard the evidence and argument of counsel, and being fully advised, finds for the defendants, to which the plaintiffs object and except," and judgment was given accordingly.

The case presented is clearly distinguishable from *Board, etc.,* v. *Wood,* 39 Ind. 345, and from *Moore* v. *Board, etc.,* 59 Ind. 516, upon which counsel for the appellants place some reliance.

Upon the facts as stated, we do not perceive that the court could have reached a different result.

The burden was upon the appellants to show that they were entitled to the proffered bounty. Unless they enlisted and were credited to the county before the quota of the county was full, they were not entitled to it, and the agreed statement of the facts does not show that they enlisted in time; indeed, the reasonable inference from the facts stated is that they did not. The quota was filled on the day on which they

enlisted, and was then filled by others who demanded and received their bounties before the plaintiffs made any demand; and as the plaintiffs made their demand on the same day as the others who were paid, it may fairly be inferred that they were behind in making the demand, because behind in receiving their certificates of muster and credit. But, however this may be, the burden of proof being upon them, the conclusion of the court was necessarily against them.

Judgment affirmed, with costs.