No. 9932.

WEIK ET AL. *v.* PUGH ET AL.

PLEADING.—*Demurrer.*—*Practice.*—Uncertainty or indefiniteness in a plead-ing can be reached only by motion, and not by demurrer.

PRINCIPAL AND SURETY.—*Bond.*—*Assignment of Action.*—*Parties.*—One of several obligees in a bond may, after breach, assign his interest in the cause of action accrued, to a stranger, who may then join as a plaintiff with the remaining obligees.

SAME.—*Contract.*—*Sureties.*—*Notice.*—Sureties for the performance of a contract, unlike guarantors, are not entitled to notice of the default of the principal.

Weik *et al. v.* Pugh *et al.*

SAME.—*Answer.*—An answer by sureties on a bond conditioned for the performance of work and labor by the principal, that by the terms of the contract the plaintiffs were to retain from time to time, as payments were made for the work, ten per cent. of the sum earned, until the completion of the work, which was not done, but that the full amount earned was paid.

*Held,* that as a defence to the whole action the answer was insufficient.

SUPREME COURT.— *Transcript.*—*Instructions.*— *Bill of Exceptions.*—Instructions, not shown by the record to have been filed, are no part of the record unless made so by bill of exceptions.

SAME.—*Evidence.*—*Leading Questions.*—The allowance of leading questions is not available error unless injury resulted.

SAME.—*Incompetency.*—That evidence is incompetent, stated as an objection to its admissibility, is too general to present any question.

SAME.—*Immateriality.*—*Presumption.*—Where evidence is wholly immaterial, it will, on appeal, be presumed not to have influenced the verdict, and its admission is not available error.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellants.

*J. S. Williams, E. K. Miller, S. H. Dunn* and *H. Friedley,* for appellees.

BLACK, C.—The appellees, David C. Pugh, William H. McHenry and John W. Williams, the last as the assignee of Thomas Baker, sued the appellants, George Stevens, James Aitken, Fred Weik, Robert S. Higert, John Sage and Thomas Baker, upon a bond executed on the 2d of June, 1879, to said Pugh, McHenry and Baker by the appellants except Baker, conditioned in the sum of $1,000 for the performance by said Stevens and Aitken of a certain contract of the same date between them and Pugh, McHenry and Baker, whereby it was agreed that Stevens and Aitken should cut and rub, according to the plans and specifications of certain architects named, all the limestone for a new court-house to be erected at Rockville, Parke county, Indiana, and superintend the loading thereof upon the cars at Stinesville, and furnish one-third of the labor for said loading, and begin said work on or before the 9th of June, 1879, and continue it as fast as required by said obligees, and finish it on or before the 1st

of December, 1879, for the sum of $3,175. Breaches were alleged as follows: *First.* That said Stevens and Aitken failed and refused, on demand of said obligees, to cut and rub and finish for said court-house the limestone required therefor; *Second.* That they failed and refused to superintend the loading and shipping of said stone, and to furnish one-third of the labor in loading it, and to cut and rub said stone in conformity to the plans and specifications, and to continue said work as fast as required by said obligees, and to fully complete said work on or before December 1st, 1879; that said obligees continually requested and demanded of said Stevens and Aitken to prosecute said work to completion, but they wilfully and wrongfully failed and refused to do so, and abandoned said work altogether. It was alleged that said obligees performed the requirements of them as stipulated in said agreement and said bond, and that said Stevens and Aitken were paid $2,879.55 on said work; that on the — day of ——, 1880, said Baker sold and delivered to said Williams the entire interest of the former in said contract and said bond; and said Baker was made a party to answer as to his interest. It was further alleged that the plaintiffs were damaged in the sum of $1,394.05, and a bill of particulars was filed which showed the payments made to said Stevens and Aitken, and various expenses of the obligees in the completion of the work which Stevens and Aitken had contracted to do.

The defendants severally demurred to the complaint for want of sufficient facts. The demurrer was overruled and an answer of three paragraphs was filed. A demurrer to the third paragraph was sustained. The plaintiffs replied by denial. Baker was defaulted. A trial by jury resulted in a verdict for the plaintiffs for $600. A motion for a new trial was made by the defendants and was overruled. Judgment was rendered on the verdict.

The appellants, except Baker, assign as errors, overruling the demurrer to the complaint, sustaining the demurrer to the third paragraph of answer, and overruling the motion for a

Weik *et al. v.* Pugh *et al.*

new trial; and the appellants Weik, Higert and Sage separately assign as error sustaining the demurrer to the third paragraph of answer, which was pleaded by them separately.

It is first objected that the complaint was too indefinite, because it did not state the amount of stone which Stevens and Aitken were to prepare. If the appellants desired that a more particular statement in this regard should be made in the complaint, they should have moved to make the complaint more definite in this respect.

It is next objected, on behalf of Weik, Higert and Sage, that as the bond was given to Pugh, McHenry and Baker, conditioned for the performance by Stevens and Aitken of their contract with said obligees, Weik, Higert and Sage could not be liable thereon to Pugh, McHenry and Williams. After breach of the obligation one of the obligees might assign his accrued cause of action to a stranger, who could unite in his own name with the other obligees in an action on the bond.

The only other objection made to the complaint is, that it did not aver notice to Weik, Higert and Sage of the default of Stevens and Aitken. The authorities referred to in support of this objection relate to guaranties. Weik, Higert and Sage were not guarantors, and they were not entitled to such notice.

The third paragraph of answer alleged that Weik, Higert and Sage were sureties for Stevens and Aitken, and received no consideration for signing the bond, and had no interest in the contract; that by the terms of said contract between said plaintiffs and the defendants Stevens and Aitken, said plaintiffs were to pay said defendants Stevens and Aitken for the work done by them as the same was done, less ten per cent. that was to be retained by said plaintiffs until the completion of the work; that said plaintiffs failed to retain said ten per cent., but paid said Stevens and Aitken the full amount coming to them for the work on said stone. Wherefore said sureties say they are released.

It is a settled principle, that a surety is entitled to the benefit of all securities for the debt that are held by the creditor, and it follows from this right of subrogation that the creditor can not, without the surety's assent, surrender, release, waste or render unavailable to the surety any of such securities, without affecting the creditor's remedy against the surety; but the surety is discharged on such ground only to the extent to which the creditor has parted with such securities. *Calvert* v. *London Dock Co.*, 2 Keen, 638 ; *Phares* v. *Barbour*, 49 Ill. 370 ; *Taylor* v. *Jeter*, 23 Mo. 244 ; *Stewart* v. *Davis*, 18 Ind. 74 ; *Philbrooks* v. *McEwen*, 29 Ind. 347 ; *Holland* v. *Johnson*, 51 Ind. 346 ; *Sample* v. *Cochran*, 84 Ind. 594.

The agreement for the retention of ten per cent. of the compensation until the completion of the work, provided an indemnity for the obligees and through them for the sureties, and constituted a security in the hands of the creditor within the meaning of the equitable doctrine above stated. But if the surrender of this security to the principal debtor was sufficiently pleaded to show ground of release of the sureties *pro tanto*, it was not shown to constitute a defence to the entire cause of action, as it was pleaded ; and there was no error in sustaining the demurrer.

The motion for a new trial assigned seven reasons. The first and second reasons, so far as noticed by counsel, are sufficiently disposed of in what has been said. There is no argument under the third reason. The fourth relates to the giving of certain instructions, which are not contained in a bill of exceptions, and the record does not show that they were filed. They can not, therefore, be regarded as in the record. *Supreme Lodge, etc.*, v. *Johnson*, 78 Ind. 110 ; R. S. 1881, section 533, cl. 6.

The fifth reason assigns error in overruling the motion of the defendants to strike out certain questions and the answers thereto. The motion did not state in what writing these questions and answers were, or to whom the questions were propounded, or by whom or on what occasion they were answered.

It is said in the brief for the appellants that this reason relates to questions and answers referred to in the next reason. The sixth reason was, permitting the plaintiffs, over the objection of the defendants, to read in evidence questions numbered one to ninety-two, and the answers thereto, and each of them, in the depositions of three persons named.

A very few of the questions referred to are briefly mentioned in argument under the fifth and sixth reasons, and the grounds of objection to these stated to the court were that the questions, and each of them, were leading and suggestive, and immaterial and incompetent. The objection that they were incompetent was not sufficiently definite. *Stanley* v. *Sutherland,* 54 Ind. 339.

Where material evidence has been improperly admitted, it will be presumed that it influenced the verdict or finding, unless the contrary clearly appear. *Baker* v. *Dessauer,* 49 Ind. 28. That offered evidence is immaterial, that is, unimportant, of no particular consequence, may be good reason for its exclusion by the trial court, upon objection made on that ground, and there can be no error in excluding it. But on appeal the presumption can not be indulged that immaterial evidence influenced the verdict or finding to the injury of the objecting party; on the contrary, it must be presumed that such evidence did not have such effect. *King* v. *Enterprise Ins. Co.,* 45 Ind. 43.

One question only is objected to in argument on the ground of its being leading. Permitting the asking of a leading question in the examination of a witness is much in the discretion of the trial court; and unless it clearly appears that such discretion has been abused, and that the answer was injurious to the objecting party, the judgment will not be reversed because of such permission. *Culbertson* v. *Stanley,* 6 Blackf. 67; *Snyder* v. *Snyder,* 50 Ind. 492; *Shockey* v. *Mills,* 71 Ind. 288 (36 Am. R. 196).

Applying this rule, there was no available error in permitting the appellees to read the question so referred to·in argu-

ment and the answer thereto, on the ground urged by counsel.

The only other reason stated in the motion for a new trial was error of the court in overruling the motion of the defendants to strike out the• deposition of a witness named, for the reason that the adjourning order of the notary had no seal attached.

If this was a sufficient reason for suppressing the deposition, we find no adjourning order in the record. No available error is shown.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

