Cowdery vs. Hahn and another.

---

Cowdery, Respondent, vs. Hahn and another, imp., Appellants.

*January 10 — February 2, 1900.*

*Bonds: Material modification of contract: Discharge of sureties.*

Defendants, as sureties, signed a bond guaranteeing the faithful performance of a building contract which provided that fifteen per cent. of the value of material and labor furnished should be retained until the contract was wholly fulfilled. The contract price was $3,675. There being $275 in value of the contract unperformed, plaintiff paid the contractor in full. In an action on the bond, *held*, that such payment was a substantial modification of the contract by the principals, without the consent of the sureties, and hence relieved them from liability.

APPEAL from a judgment of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Reversed.*

This is an action to recover against the defendants as sureties upon a bond. The facts were practically undisputed, and are in brief as follows: The plaintiff, desiring to build a house, made a contract therefor with Graham Bros., contractors, the same to be built according to plans and specifications made by one Eschweiler, an architect, the full contract price being $3,675. The contract provided that payments were to be made from time to time, in amounts up to eighty-five per cent. of the value of the material then furnished and the labor then performed; the final payment to be made within thirty days after the contract was fulfilled, all payments to be made upon written certificates of the architect to the effect that such payments have become due. The contract further provided that the contractors should protect the owner from all subcontractors' liens. After the execution of this contract, the defendants signed a bond running to the plaintiff, *Cowdery*, and conditioned for the faithful performance of the said building contract, and the discharge of all liens upon the building by the contractors. The building contract was executed in June, 1896; and the bond, August 12, 1896. The contractors proceeded to erect the building according to contract, and in July, 1896, *Cowdery* paid to the contractor $2,150, upon the architect's certificate. On the 1st of September, 1896, the building was completed, except that the cement floor in the cellar had not been put in, and certain finishing in certain parts of the house had not been completed, the work and materials of such uncompleted portion amounting in all to $275. This being the situation, Graham Bros. applied for a final certificate. *Cowdery* knew that the house was not yet completed, but told Graham Bros. that he would pay if the architect would give him a certificate; and he admits that he told Eschweiler, the architect, that, if he (Eschweiler) was willing to issue a

Cowdery vs. Hahn and another.

certificate, he (*Cowdery*) was willing to pay. Eschweiler testifies that *Cowdery* directed him to issue the certificate. Whatever the fact was on this issue, Eschweiler issued a certificate for the full amount due on the 1st of September, and on the 4th of September *Cowdery* paid the whole balance of the contract price to Graham Bros. The building was afterwards completed by Graham Bros., and turned over to *Cowdrey* in December, 1896; but the contractors failed to pay a large number of subcontractors, who thereupon foreclosed liens upon the building amounting to over $3,000, and judgments for such liens were paid by *Cowdery*.

This action is brought by *Cowdery* to recover the amounts paid to discharge these subcontractors' liens; the defense being that by virtue of *Cowdery's* payment to the contractors, in violation of his contract, before the same was due, the defendants have been released from the liabilities of their bond. Two questions were submitted to the jury, which questions, with the jury's answer, are as follows: "(1) Did the architect make and issue the final certificate introduced in evidence in this action at the instance and request of the plaintiff? *A.* No. (2) How much, in dollars and cents, of the $3,675 contract involved in this action was performed after September 4, 1896? *A.* $275." Judgment against the sureties was rendered on this verdict, from which they appealed.

For the appellants there was a brief by *McElroy & Eschweiler*, and oral argument by *W. J. McElroy.*

For the respondent there was a brief by *Miller, Noyes, Miller & Wahl*, and oral argument by *Geo. H. Noyes.*

WINSLOW, J. The question is, Did *Cowdery*, by paying the contractors the entire amount of the contract price of the building before it was due, materially alter the contract so as to discharge the sureties? Upon principle and authority, this question must be answered in the affirmative. In

*Stephens v. Elver*, 101 Wis. 392, the principle was recognized that the ·surety, under such circumstances, is discharged, if the principal is paid faster than the contract provides, but that the premature payment must be substantial in amount, and not a mere trifling deviation from the contract.

In the contract before us, only eighty-five per cent. of the materials furnished and work done was to be paid during the progress of the work, and the remainder after the contract was fulfilled. The entire contract price was paid by *Cowdery* at a time when $275 worth of the work (which must be considered a substantial part thereof) was still unfinished, to the knowledge of *Cowdery*. Not only was the $275 not then due, but fifteen per cent. of the remainder of the contract price had not then become due, so that in all nearly $800 was paid upon the contract long before it was ·due.

The payment of this sum to the contractor before it was due must be regarded as amounting to a substantial modification of the contract by the principals without the consent of the sureties, and hence, upon familiar principles, relieves them from liability. See authorities cited in *Stephens v. Elver, supra.* The sureties were thus, without ·their knowledge or consent, deprived of a substantial inducement which the principals would otherwise have had to fulfill their contract to the letter.

*By the Court.*— Judgment reversed, and action remanded with direction to render judgment on the verdict for the ·defendants.