## Joseph Pfirshing v. Augusta Peterson.

1. SURETIES—*Liability Not to Be Extended by Implication.*—A surety has a right to stand upon the strict terms of his obligation when such terms are ascertained, and his liability is not to be extended by implication beyond the terms of his contract.

2. SAME—*What Will Operate as a Release.*—Where a creditor receives securities in pledge for a debt, such securities will be regarded as an indemnity not only to the creditor but to a surety for the original debtor, and the surety has the right to exact of such creditor proper care and diligence in the management of the security, and any waste or misapplication of it will no doubt operate as a release of the security to the amount of the loss actually sustained.

3. SAME—*When a Surety on an Appeal Bond is Released.*—A person who obtained an injunction in the Circuit Court to restrain a party from

foreclosing a chattel mortgage, took an appeal from an order of the court modifying such injunction, to the Appellate, giving an appeal bond in the penal sum of $300, in which latter court the appeal was dismissed and the injunction dissolved, after which there was nothing to prevent the party from proceeding with the foreclosure of the chattel mortgage, but she failed and neglected to take possession of the mortgaged property as she might have done. It was held that by reason of her neglect she lost her lien on the property, and all the benefit of her mortgage, and as she had suffered nothing under the condition of the appeal bond requiring the payment of damages, the surety on such bond was released.

**Debt,** on an appeal bond. Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1901. Reversed, and judgment in this court. Opinion filed November 7, 1901.

**Statement by the Court.**—Defendant in error, Peterson, brought debt against plaintiff in error, Pfirshing, on an appeal bond to this court. A trial before the court without a jury, upon certain stipulated facts set forth in the declaration, and in the fourth and fifth pleas of Pfirshing, resulted in a judgment in debt of $3,000, and damages $2,948.57, against plaintiff in error, which is sought to be reviewed.

It appears from the stipulated facts, in substance, that on October 3, 1892, said Peterson obtained a decree against one Ebberson in a suit brought in the Circuit Court by Ebberson against her to prevent the foreclosing of a chattel mortgage on certain personal property, in which suit a temporary injunction was issued restraining said Peterson from foreclosing said mortgage. This decree was to the effect that the debt secured by said mortgage, which was $2,000, and interest from February 24, 1892, was due and unpaid, and that the injunction theretofore issued in the cause " be and the same is hereby modified as follows : that said defendant may proceed under the power and for the purposes contained and set forth in said mortgage to sell said mortgaged goods and chattels at public auction for cash, after giving ten days' notice, in writing, to complainant, of the time and place of such sale, and posting up notices of such sale at least ten days before the day of such sale, at three public places in the vicinity of such sale,

which notices shall contain a description of the property to be sold." Also that Ebberson prayed an appeal from the decree, which was granted upon his giving bond in the penalty of $3,000, pursuant to which the bond sued on in this case was given. This bond, which was executed by Pfirshing as surety, contains the following condition, to wit:

" Now, therefore, if said Ebberson shall prosecute his said appeal with effect, ' and, moreover, pay the amount of the decree, costs and interest,' and pay all damages in case said decree shall be affirmed, and pay all damages accruing to said Peterson through loss or deterioration of said goods and chattels, and through the postponement of the sale of said goods and chattels, by reason of said appeal, then the above obligation is to be void, otherwise to remain in full force and virtue."

Ebberson's appeal was dismissed by this court March 20, 1893. No other order was entered by the court that rendered said decree, by which the injunction therein issued against Peterson was continued in force after said appeal. After the entry of said decree there was nothing which prevented Peterson from taking possession of and selling the mortgaged property to satisfy her debt, under the powers and provisions of the chattel mortgage, but she failed and neglected so to do until February 24, 1893, when the said mortgage expired and was due and payable; and she might also have foreclosed the same, because of its maturity. A second mortgage in favor of one J. D. Tobey, made by said Ebberson, dated September 13, 1892, to secure the latter's note of $3,000, was, pursuant to its terms, on April 1, 1893, foreclosed, and said mortgaged property sold, and the proceeds thereof applied to the satisfaction of the second mortgage, whereby and because the said Peterson failed and neglected to take possession of said mortgaged property, as she might have done at any time from the rendition of said decree up to April 1, 1893, she lost her lien on the property and all the benefit of her chattel mortgage. When said Peterson's debt and mortgage matured, and when said appeal was dismissed, all of the mortgaged property was then in existence, situated at the same place as when her

Pfirshing v. Peterson.

said mortgage was executed, and was of the same value as when the appeal bond sued on was executed. Ebberson has not paid any part of the debt due by him to Peterson, nor any costs, interest or damages sustained by her through the loss of said mortgaged property.

JAMES E. PURNELL, attorney for plaintiff in error.

DENEEN & HAMILL, attorneys for defendant in error.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

It will be noted from the foregoing statement of facts that the decree appealed from by Ebberson, by its terms permitted Peterson to sell the mortgaged property under the power contained in the chattel mortgage, and for the purposes in the mortgage specified, upon giving ten days' written notice prior to the day of sale. This decree effectually dissolved the injunction theretofore issued in the cause, restraining such sale, and inasmuch as no order appears to have been made by the Circuit Court that continued the injunction in force after said appeal, there was nothing to have prevented her from selling the mortgaged property at any time after the entry of the decree up to the day, April 1, 1893, when it was taken on the second mortgage. Rev. Stat. (Hurd), Chap. 69, Sec. 21.

It will also be observed that the condition of the bond signed by Pfirshing is to pay the amount of the decree appealed from, costs and interest, and all damages accruing to "Peterson through loss or deterioration of said goods and chattels and through the postponement of the sale of said goods and chattels by reason of said appeal." As we have seen, the goods and chattels were intact and of the same value as when the bond was given up to April 1, 1893, and might have been sold and the proceeds appropriated by Peterson. Therefore she suffered no damage under the condition of the bond requiring the payment of damages.

The undertaking to pay the amount of the decree can not avail defendant in error, because there was no decree in

her favor for any amount of money, nor any decree except one which had the practical effect of dissolving the injunction and leaving her free to sell the mortgaged property and to apply the proceeds toward the payment of Ebberson's debt.

The only remaining provision of the bond under which there is any proof to sustain any judgment in favor of the plaintiff is as to costs and interest. The only evidence of costs incurred is of $10 in this court, which, with interest, she is entitled to recover of the plaintiff.

It is claimed by defendant in error, and a number of authorities are cited in support of the contention, that she was not bound to proceed to the foreclosure of her mortgage; that mere neglect on her part in that regard, without the doing of an affirmative act, would not have the effect to discharge the surety, Pfirshing. None of the cases cited seem applicable here, for the reason that they are cases where the creditor held no security for his debt. Moreover, they are not applicable for the reason that under the condition of the bond here in suit the real question to be considered is, what damage has Peterson suffered and what damage has she shown? She has lost her lien upon the mortgaged property, but what its value is does not appear, and the only injury she has suffered so far as the amount is shown, is $10 Appellate Court costs and interest thereon. It is well settled by the authorities " that the liability of the surety is not to be extended by implication beyond the terms of his contract." 1st Brandt on Suretyship, Sec. 93; Shreffler v. Nadelhoffer, 133 Ill. 551.

In the Shreffler case, *supra*, the court says: " It is a rule universally recognized by the courts that a surety has a right to stand upon the strict terms of his obligation when such terms are ascertained," and after quoting the rule as above stated, cites numerous decisions in this State which sustain it. This being the settled law, we are of opinion that the condition of the bond requiring the surety to pay the amount of the decree is wholly nugatory, inasmuch as there is no decree of any amount which he could pay.

While it is unnecessary, under the evidence in this case, to hold that the surety is discharged by reason of the neglect of Peterson to take possession of the mortgaged property and realize upon it by foreclosure and sale thereof, it would seem not improper to say that a great injustice and wrong would be done to the surety to hold that he is liable for any part of the damages which Peterson claims to have suffered in the loss of the mortgaged property which resulted from her own neglect.

In Hall v. Hoxsey, 84 Ill. 616, it was said that where a creditor received securities in pledge for a debt, such securities would be regarded as an indemnity not only to the creditor, but to a surety for the original debtor, and the surety had the " right to exact of the creditor proper care and diligence in the management of such collateral security, and any waste or misapplication of the collaterals would, no doubt, operate as a release of the surety to the amount of loss actually sustained. This is the doctrine of Rogers v. School Trustees, 46 Ill. 428, and Phares v. Barbour, 49 Ill. 370." See, also, 2d Brandt on Suretyship, Sec. 445; Teaff v. Ross, 1 Ohio St. 469–75; Steele v. Mealing, 24 Ala. 285–90; Henderson v. Huey, 45 Ala. 275; Succession of Pratt, 16 La. An. 357; Toomer v. Dickerson, 37 Ga. 428; Miller v. Berkey, 27 Pa. St. 317.

There are authorities to the contrary, viz.: Pickens v. Finney, 20 Miss. 468; Vance v. English, 78 Ind. 80, and cases cited; Philbrooks v. McEwen, 29 Ind. 347–9; and others might be cited.

We, however, think the rule as stated in the Hall case is supported by the better reason, and we regard it as decisive of the question.

We can perceive no more effective waste or relinquishment of security for a debt than was accomplished by the failure to act of Peterson in this case, and are of opinion that, in principle, this case is clearly within the decision in the Hall case, *supra.* It is, however, unnecessary to put our decision on that ground, by reason of the failure of defendant in error to prove that she has suffered any damage beyond what has been stated.

The judgment is therefore reversed and judgment will be entered for defendant in error in this court for $10 and interest at five per cent per annum from March 20, 1893, making a total of $14.30. Defendant in error will pay the costs of this court. Reversed, and judgment entered in this court.