Lowe, Respondent, vs. Reddan, Appellant.

*September 30—October 18, 1904.*

*Bills and notes: Banks: Depositors: Offset of deposits: Securities:*

1. Where a depositor in a bank is indebted to the bank on a promissory note, signed also by a surety, a failure by the bank to exercise its right to offset the depositor's credit against the note does not operate as a full discharge of the surety's obligation, but only to the extent of the amount of the maker's credit with the bank.

2. In such case, where there are two notes, exactly alike, one being the note in suit, it is not error for the court to apply the maker's credit, one-half to each note.

Appeal from a judgment of the circuit court for Clark county: James O'Neill, Circuit Judge. *Affirmed.*

Action to recover on a promissory note for $1,000. Defendant *Anthony Reddan* answered that, if liable at all, it was only as an accommodation maker; that the note was given to the Clark County Bank with another of the same character, the payee knowing his status as accommodation maker; that the due date of the note was extended by the bank for a valuable consideration, without his consent, the bank releasing to the principal debtor, J. H. Reddan, securities for the payment thereof sufficient to discharge same; and that the plaint-

iff became the owner of the note after its maturity. A formal special verdict was taken, the court, however, directing the answers to all of the questions. One, after the coming in of the verdict, was changed to accord with what the court viewed to be the uncontroverted evidence. The verdict as so corrected was to this effect. Plaintiff is the owner and holder of the note in the suit. He purchased the same after it became due. Defendant, *Anthony Reddan,* signed the note as surety only for J. H. Reddan. The Clark County Bank, the payee of the note, did not extend the time of payment. While it owned the note and another of the same character and amount, both being due, it released the sum of $259.68, which it should have applied to the payment of such note. In the order changing the verdict to the form indicated, it was recited that J. H. Reddan had on deposit in the bank when the two notes became due as aforesaid $519.36, which it should have applied to the payment thereof. Upon the fact so found and recited the court held that the defendant, *Anthony Reddan,* was entitled to the credit indicated. Judgment was entered upon the verdict so corrected, from which this appeal was taken.

*R. J. MacBride* and *James Wickham,* for the appellant.

For the respondent there was a brief by *L. M. Sturdevant,* attorney, and *Richard E. Smith,* of counsel, and oral argument by *Mr. Sturdevant.*

MARSHALL, J. Many questions are presented for consideration on this appeal, the solution of which does not appear to be material to the final conclusion, and will, therefore, not be discussed.

Assuming for the purposes of this case, but by no means even suggesting that such is the law, that a bank having the opportunity to protect a surety upon a note held by it, by asserting its right to offset against the same its indebtedness to the principal maker thereof upon his open deposit account;

it owes to the surety the duty to exercise such opportunity, and that a failure to do so can be taken advantage of by such surety as regards his liability to the bank, such duty is based upon mere principles of equity and cannot therefore be extended further than to fully satisfy the reason of the rule. That is fully accomplished by considering the note paid, as to the surety, to the extent of the amount of the maker's credit with the bank, which it has a legal right, at least, by asserting its right of offset, to apply thereon. To carry the rule further and hold that a mere partial release of the deposit account to the prejudice of the surety's equitable rights will operate as a full discharge of the latter's obligation, as in the case of the variation of a contract to his prejudice, the performance of which he is surety for, could only occur by confusing the legal relations between the obligee and the surety in the latter case with the pure equitable relations existing in the former case. In the latter case no contract exists between the bank and the surety upon the note, as regards the mere deposit account. None at all. Its right to protection in the circumstances stated grows out of equitable principles, as in *Plankinton v. Gorman,* 93 Wis. 560, 67 N. W. 1128. It will be observed in reading that case that, while the surety was held to have been fully released by a release of the security, the proof was that such security was sufficient, had it been enforced, to fully discharge the debt. It would seem that on principle the law must be as stated. Ample authority is cited by counsel for appellant to demonstrate that it is. *Hoyt v. French,* 24 N. H. 198; *Hurd v. Spencer,* 40 Vt. 581; *Montgomery v. Martin,* 94 Ga. 219, 21 S. E. 513; *Holland v. Johnson,* 51 Ind. 346; *Freaner v. Yingling,* 37 Md. 491; *Dawson v. Real Estate Bank,* 5 Ark. 283; *Baker v. Briggs,* 8 Pick. 122; and 1 Brandt, Suretyship, § 426. The cases to the same effect, which might be added, are numerous. The following are but a few of them: *Morgan v. Comm'rs,* 82 Ind. 257–262; *Sample v. Cochran,* 84 Ind. 594; *Weik v. Pugh,* 92 Ind. 382–

386; *Allen v. Hollingshead,* 155 Ind. 178–185, 57 N. E.. 917; *Wright v. Barllett,* 43 N. H. 548; *Calvert v. London Dock Co.* 2 Keen, 638; *Phares v. Barbour,* 49 Ill. 370; *Tay-- lor v. Jeter,* 23 Mo. 244; *Pfirshing v. Peterson,* 98 Ill. App. 70; *Teaff v. Ross,* 1 Ohio St. 469–475; *Steele v. Mealing,* 24 Ala. 285–290; *Henderson v. Huey,* 45 Ala. 275; *Miller v. Berkey,* 27 Pa. St. 317.  The following from the opinion of BLACK, C., in *Weik v. Pugh, supra,* fairly indicates the char-- acter of such authorities:

"It is a settled principle, that a surety is entitled to the benefit of all securities for the debt that are held by the cred- itor, and it follows from this right of subrogation that the creditor cannot, without the surety's assent, surrender, re-- lease, waste or render unavailable to the surety any of such securities, without affecting the creditor's remedy against the surety; but the surety is discharged on such ground only to the extent to which the creditor has parted with such securi-- ties."

Such cases as *Paine v. Jones,* 76 N. Y. 274; *Gardner v. Van Norstrand,* 13 Wis. 543, 544; *Sage v. Strong,* 40 Wis. 575; *Stephens v. Elver,* 101 Wis. 392, 77 N. W. 737; *Cow- dery v. Hahn,* 105 Wis. 455, 81 N. W. 882, and similar au-- thorities that might be cited, upon which counsel rely, and which seemingly, it is supposed by them, are in conflict with those we have cited, apply only, as the learned counsel for the respondent contends, to cases where the contract itself, in re- spect to which the surety is bound, is changed to his preju- dice, without his consent.  That is not this case.  An entirely different rule applies to one situation than to the other. There was a claim made here that the contract between the principal maker of the note and the bank was changed to the prejudice of the surety, without his consent, by the extension of the due date of the note.  On that point, however, the ap- pellant prevailed.

Counsel for the appellant insist that, conceding the law to be as we state it, the court erred in deciding that only $259.68

of the deposit account was applicable to the note, instead of the full amount of such account, $519.36. Such contention does not seem to merit much attention. There were two notes, exactly alike, one being the note in suit. The right, as regards the deposit account, was manifestly the same in respect to one note as to the other. If, as to the surety, it should have been applied in payment of the notes, so far as it would go for that purpose, certainly the court applied it rightly, one-half to each note.

*By the Court.*—Judgment is affirmed.