KUNZ and another, Appellants, vs. BOLL and others, Respondents.

SAME, Respondents, vs. PITZ and others, imp., Appellants.

*May 13—June 3, 1909.*

*Principal and surety: Building contracts: Discharge of surety by advance payments.*

Where the date of the actual completion of a building was September 20, and, as early as June 9, payments had been made to the contractor aggregating upwards of $2,000 in excess of the amounts stipulated to be paid prior to the final completion of the building, the amount of the advanced payments and the length of time in which they antedated the time when they should have been paid are such material variances from the contract as absolutely discharge the contractor's sureties. TIMLIN and KERWIN, JJ., dissent.

APPEALS from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed on plaintiffs' appeal; reversed on that of defendants.*

The plaintiffs had a contract with the nominal defendant, *Boll,* for the construction by the latter of a certain building and payment by the plaintiffs for the completed building of $18,360, "all payments to be on certificates of said architect as the work progresses, to wit: $4,000 on completion of foundation; $3,000 on completion of first story; $3,000 on completion of second story; $3,000 on completion of third story; $3,000 on completion of building; and balance sixty days thereafter, reserving fifteen per cent. of each estimate until final certificate is issued." The defendants other than *Boll* were a copartnership engaged in business as a bonding company, and in that capacity, for a compensation of $50 paid by *Boll,* gave a bond in the penal sum of $5,000 to the plaintiffs conditioned that *Boll* "shall well and truly furnish all the material and labor to be used and employed in the erection of a certain brewery building" according to the aforesaid contract. *Boll* completed the building September 20, 1905,

prior to which time there had been paid him a total of
$15,100, in various sums, much of it before any certificates
were given by the architect, but whether, as to some early
payments, before the work had progressed to the prescribed
stage, does not appear.   On that day the contractor and the
plaintiffs, together with the architect, had an accounting, as-
certained that extra work had been done to the amount of
$979.27, and there was then issued a certificate for the bal-
ance of $4,239.27.   Lienable claims for labor and materials
existed, which plaintiffs were obliged to pay, to an amount in
excess of this balance.   This action was brought to recover
an alleged excess of such claims of about $2,700.   The court
made certain deductions of about $2,000 and rendered judg-
ment against the sureties for $768 and interest and costs.
From the whole of this judgment the defendant sureties ap-
peal, and from the disallowance of the $2,010.58 the plaint-
iffs appeal.

For the plaintiffs there were briefs by *Nash & Nash,* and
oral argument by *L. J. Nash.*

For the defendants there were briefs by *Hougen & Brady,*
and oral argument by *A. L. Hougen.*

DODGE, J.   Among the defenses interposed was that the
owner and the principal contractor had modified the contract
to the prejudice and consequent discharge of the sureties by
paying large amounts of money thereon before the same was
due according to its terms.   This was supported by a show-
ing that in the earlier stages of the work large amounts had
been paid without any formal certificate of the architect, but
the evidence is not so clear that they were paid before the
money was earned according to the provisions of the contract,
and there might well be doubt whether they were effective to
release the sureties under the rule on the subject declared in
*Madison v. Am. S. E. Co.* 118 Wis. 480, 95 N. W. 1097.   It
was made to appear conclusively, however, and indeed de-
clared by the findings, that the building was not completed un-

til September 20th, and that as early as June 9th there had been paid to the contractor the sum of $15,100, while by the express terms of the contract only $13,000 was to be paid to him prior to the final completion of the contract. The efficacy of substantial advance payments upon contracts to discharge sureties is too well settled by the authorities in this state to warrant discussion. The prejudicial effect thereof to the surety has been found both in the removal of the incentive to the contractor to diligently press his work and from the diminution of the fund which the contract contemplates to remain in the owner's hands and which may serve as a means of protecting the sureties from liability. *Stephens v. Elver,* 101 Wis. 392, 77 N. W. 737; *Cowdery v. Hahn,* 105 Wis. 455, 81 N. W. 882; *Lowe v. Reddan,* 123 Wis. 90, 93, 100 N. W. 1038. In the present case it cannot be doubted that both the amount of the advanced payments and length of time in which they antedated the time when they should have been paid were material. In that respect they bear no resemblance whatever to the mere trifling variance from the contract presented in *Stephens v. Elver, supra.* For this reason we must hold that before the completion of the contract the sureties had been absolutely discharged from their liability, and no judgment can be had against them, which conclusion renders it unnecessary for us to consider the various other contentions.

*By the Court.*—Judgment reversed on defendants' appeal, and cause remanded with directions to dismiss the complaint; plaintiffs to take nothing on their appeal.

TIMLIN, J. (*dissenting*). I think the judgment of the circuit court should be affirmed on both appeals. The contract provided:

"All payments to be on certificates of said architect as the work progresses, to wit: $4,000 on completion of foundation; $3,000 on completion of first story; $3,000 on completion of second story; $3,000 on completion of third story; $3,000 on

completion of building; and balance sixty days thereafter, reserving fifteen per cent. of each estimate until final certificate is issued. The final payment shall be made within sixty days after the said above work is completely finished."

The total amount earned under the contract, with authorized extras, was $19,339.27. There is an apparent distinction between certificates issued as the work progresses and the final certificate. Neither of the five items above provided for includes the final certificate. Fifteen per cent. of each of the five items above is to be reserved until the final certificate is issued. The word "completion" should be given the same meaning in each of the five items. It is common learning that words following a *videlicet* point out or specify but do not restrain the generality of the preceding words. They particularize and point out. *Brown v. Berry*, 47 Ill. 175; 8 Words & Phrases. The fair inference is that the itemization points out a rate of preliminary estimates proportioned to the progress made, so that up to the time of completion of the building not more than the sum of such items, viz., $16,000, shall be paid on preliminary estimates. I think this is a fair and reasonable construction, bearing in mind the subject matter of the contract, how building operations are usually carried on, and having reference to the language of the contract. This amount was not exceeded by preliminary certificates up to the time of completion; hence the sureties were not on this ground discharged. But the sureties were entitled to have applied on claims in favor of third persons and against the contractor for labor and materials furnished the whole amount due from plaintiffs to contractors after completion and on deferred payments, which was $4,239.27.

After the liability of the sureties became fixed, plaintiffs applied part of this on moneys due them from the contractor, and they were therefore properly charged and the sureties credited with the sums so applied. Another part of this $4,239.27 was applied properly to the discharge of claims for

materials used in the building. The whole liability of the sureties was $5,000, which, minus $4,239.27, is $760.73, practically the amount for which judgment was rendered against the sureties, arrived at by a more roundabout process.

KERWIN, J.  I concur in the foregoing dissent of Mr. Justice TIMLIN.