Milwaukee Building Supply Company and another, Respondents, vs. Illinois Surety Company, Appellant, and others, imp., Respondents.

*March 14—April 11, 1916.*

*Building contracts: Bond of contractor: Liability of surety to materialmen: Payments by owner without release of liens, etc.: Discharge of surety: Liens: Notices: Address and service: Corporations having identical interests: Claims for liens: Naming of owner: Sufficiency.*

1. *Concrete S. Co. v. Illinois S. Co.*, ante, p. 41, as to direct liability of the surety on the bond of a building contractor to laborers and materialmen, followed.

2. A provision in a building contract that payments shall not become due unless at the time of payment the contractor, "if so required," shall deliver to the owner a satisfactory release of all liens, is not violated so as to discharge the surety on the contractor's bond by the making of payments by the owner without requiring such release of liens.

3. Where in such case the bond contained a waiver clause providing that any alterations which might be made in the terms of the contract, or the giving by the owner of any extension of time for performance, or any other forbearance on the part of either the owner or the principal to the other, should not in any way release the principal or the surety from their liability on the bond, payments by the owner without requiring a release of liens or a statement "of all persons furnishing material or labor . . . to whom a lien is given by law," did not so violate sub. 3, sec. 3315, Stats., as to discharge the surety from liability.

4. A bond issued by a surety company to secure faithful performance of a building contract is essentially an insurance contract.

5. A finding of fact to the effect that, because a corporation for which a building was being erected owned all the stock of the corporation which had title to the land and because of the relation of the two companies, service of the lien notices required by sec. 3315, Stats., on either of said companies, however addressed, gave the required notice to both companies, is *held* to be sustained by evidence showing, among other things, such ownership of the stock, that the companies were in interest substantially the same company, that the president of one was vice-president of the other, and that the assistant secretary of one was bookkeeper for the other.

6. The notices, under said statute, may be served upon the "owner or his agent," and need not be addressed to any one.
7. Under the facts above stated, claims for liens naming only the corporation having title to land were sufficient, under sec. 3320, Stats., as a basis for liens against the interest of the other company also.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This action was brought to foreclose subcontractors' liens for materials furnished in the erection of a store building for defendant *Edw. Schuster & Co.* upon land to which title was in defendant *Schuster Realty Company,* situate in the city of Milwaukee, and for recovery of personal judgment against the defendants J. W. Utley, principal contractor, and *Illinois Surety Company,* surety upon Utley's bond. The plaintiffs and all the defendants except *Illinois Surety Company, Schuster Realty Company, Edw. Schuster & Co.,* J. W. Utley, and Simon W. Strauss are materialmen; said Strauss being mortgagee of the premises under a mortgage executed subsequently to the commencement of the construction of the building.

The plaintiffs and other subcontractors claim to have perfected rights to materialmen's liens, and a right of recovery against the defendant *Illinois Surety Company* as surety upon the bond of Utley for the full performance of his contract for the construction of the building, regardless of whether or not their rights as lien claimants were perfected.

The defendants *Edw. Schuster & Co.* and *Schuster Realty Company* contend that liens were not in all cases perfected and that as to such as were perfected they claim a right of recovery against the *Illinois Surety Company.*

The *Illinois Surety Company* contends that claims for lien were not established because of the failure of the lien claimants to perfect their claims by the service of notices required by sec. 3315, Stats., and insufficiencies in the petitions for liens, and as to three of such lien claimants no right of lien

existed because the material furnished or labor performed was not within the provisions of the lien statutes. It further claims that there was no direct liability by it to the materialmen under its bond, but that it was liable only, if at all, as indemnitor to *Edw. Schuster & Co.,* and that as to all claims not perfected as liens it had sustained no liability. It also maintained that as to all claims, whether perfected as liens or not, it was relieved from liability as surety to *Edw. Schuster & Co.* because of the failure of the latter company to protect itself from such claims by the exercise of its contract right and duty to withhold payments from the principal contractor until such claims were discharged, and because of the failure and neglect of said *Edw. Schuster & Co.* to demand of Utley the verified statements of the names of all persons furnishing material or labor under the building contract as required by sec. 3315, Stats.

The defendant J. W. Utley did not appear and judgment was rendered against him by default, from which he has not appealed.

Simon W. Strauss, as trustee, did not answer, and the judgment determined that his mortgage interest was subsequent to that of the lien claimants, and no appeal has been taken from that part of the judgment.

As to all the other defendants, namely, J. W. Utley, Ferdinand Pietsch, John Eller Lumber Company, a corporation, Simon W. Strauss as trustee, Waterproofing Company of America, a corporation, Midland Terra Cotta Company, a corporation, Charles Cowalksy, H. F. Pazik, assignee of Mike McCracken, Math. Schiszler, Hans Lochen, and Chas. Gauger, the court denied relief either by personal judgment against *Illinois Surety Company* or foreclosure of liens, and none of said defendants has appealed.

The defendants *Western Lime & Cement Company, Wisconsin Lakes Ice & Cartage Company, Janesville Sand & Gravel Company,* and *Moody Transfer Company* were awarded judgment upon their claims directly against *Illinois*

*Surety Company,* but were denied right to liens because of their failure to perfect their right to liens as required by sec. 3315, Stats., and none of said defendants has appealed.

All other claimants were adjudged to have perfected liens against the property of *Edw. Schuster & Co.* and of *Schuster Realty Company,* with judgment of foreclosure of such liens, and were each awarded personal judgment upon their claims against *Illinois Surety Company.* The *Illinois Surety Company* only has appealed.

For the appellant there were briefs by *Flanders, Bottum, Fawsett & Bottum,* attorneys, and oral argument by *R. N. Van Doren, C. F. Fawsett,* and *Arnold C. Otto.*

For the respondents *Milwaukee Building Supply Company* and *Waukesha Lime & Stone Company* there was a brief by *Marshutz & Hoffman,* attorneys, and *J. H. Marshutz,* of counsel; for the respondent *Buestrin Construction Company,* a brief by *L. J. Brabant,* attorney, and *Marshutz & Hoffman,* of counsel; and the cause was argued orally by *J. H. Marshutz.*

*G. J. Davelaar,* for the respondent *Kies.*

For the respondent *Worden-Allen Company* the cause was submitted on the brief of *J. O. Carbys.*

For the respondents *Meyers Brothers* there was a brief by *Churchill, Bennett & Churchill,* and oral argument by *W. H. Churchill.*

For the respondents *Nehls* and *Vogt* there was a brief by *Froede & Bodenstab,* and oral argument by *H. H. Bodenstab.*

For the respondent *M. Hilty Lumber Company* the cause was submitted on the brief of *Connell & Weidner.*

For the respondent *Cream City Sand Company* the cause was submitted on the brief of *Lorenz & Lorenz.*

*Edgar L. Wood,* for the respondent *Pennsylvania Coal & Supply Company.*

For the respondent *American 3-Way Prism Company* the cause was submitted on the brief of *Otto Dorner.*

*Henry V. Kane,* for the respondent *Wisconsin Lakes Ice &*

*Cartage Company,* adopted the brief of the respondent *American 3-Way Prism Company.*

*William Kaumheimer,* for the respondent *Ed. Schuster & Co., Inc.*

For the respondent *Western Lime & Cement Company* the cause was submitted on the brief of *Lawrence A. Olwell.*

For the respondent *Janesville Sand & Gravel Company* the cause was submitted on the brief of *Samuel M. Field* and *Carl F. Geilfuss.*

For the respondent *Phillip Gross Hardware Company* the cause was submitted on the brief of *N. L. Baker & W. J. Zimmers.*

For the respondent *Lake Shore Stone Company* the cause was submitted on the brief of *Harold W. Connell.*

For the respondent *American Bureau of Inspection & Tests* there was a brief by *Lenicheck, Robinson, Fairchild & Boesel,* and oral argument by *F. T. Boesel.*

*Edgar J. Patterson,* for the respondent *Duffus,* adopted the briefs presented by the other respondents.

KERWIN, J. The assignments of error in this case are grouped by appellant and argued under six heads and we shall treat them in the same order.

1. The first assignment of error treats the proposition whether the bond in question creates a direct liability of the surety to laborers and materialmen. The bond considered in this case is the same bond treated and passed upon in *Concrete Steel Co. v. Illinois Surety Co., ante,* p. 41, 157 N. W. 543. The decision in that case as to direct liability of the surety to the laborers and materialmen controls this case.

2. The second, third, and fourth assignments of error raise the question whether the surety was discharged by acts subsequent to the execution of the bond.

J. W. Utley was the principal contractor and *Illinois Surety Company,* appellant here, surety on his bond given to secure

*Edw. Schuster & Co.* Under the contract *Edw. Schuster & Co.* were required to retain ten per cent. out of each payment for the final payment to be made within sixty days after the completion of the work. It is contended by appellant that this was not done, hence the surety was discharged.

On this point the findings of the court below, supported by the evidence, are against the appellant. It appears from the evidence that the architect in making his certificates in all cases before the final certificate deducted ten per cent. in substantial compliance with the contract.

It is further contended by counsel for appellant under this head that payments were made to Utley before the same were due, in violation of the contract and sec. 3315, Stats.; that *Edw. Schuster & Co.* disregarded the contract and the statute in making such payments. The provision of the contract referred to is to the effect that payments shall not become due unless at the time of payment the contractor, "if so required," and in any event at the time of final payment, shall deliver to the owners a satisfactory release of all liens against the premises. The final payment had not been made at the time of trial.

Nor was there any violation of sec. 3315, Stats., when construed in connection with the contract and bond, which bond contains the following waiver:

"And provided, that any alterations which may be made in the terms of the contract, or in the work to be done under it, or the giving by the owner of any extension of time for the performance of the contract, or any other forbearance on the part of either the owner or the principal to the other, shall not in any way release the principal and the surety or sureties, or either or any of them, their heirs, executors, administrators, successors, or assigns, from their liability hereunder, notice to the surety or sureties of any such alteration, extension, or forbearance being hereby waived."

This waiver clause authorized alteration of the contract and the facts show alteration authorized by the waiver. *Cow-*

*dery v. Hahn,* 105 Wis. 455, 81 N. W. 882; *Kunz v. Boll,* 140 Wis. 69, 121 N. W. 601; 2 'Corp. Jur. 1165, 1166.

This court has held that contracts of a paid surety have the features of an insurance contract. *United Am. F. Ins. Co. v. American B. Co.* 146 Wis. 573, 131 N. W. 994; *Whinfield v. Massachusetts B. & I. Co.* 162 Wis. 1, 154 N. W. 632.

3. The fifth, sixth, seventh, and eighth assignments of error relate to an alleged waiver of breach of the contract between *Edw. Schuster & Co.* and Utley which appellant claims occurred by acts and doings of *Edw. Schuster & Co.* We shall not treat this contention or decide the question involved, because we are convinced that the waiver clause in the bond, before referred to, authorized the acts which appellant complains constituted a breach of the contract in question.

4. The ninth assignment of error attacks the finding of the court below to the effect that *Edw. Schuster & Co.,* under contract between it and the *Schuster Realty Company,* agreed to keep the building free from liens which it contracted to erect for the *Schuster Realty Company.* This finding seems to be amply supported by the evidence and cannot be disturbed.

5. The tenth assignment of error attacks the tenth finding of fact, which in substance finds that because *Edw. Schuster & Co.* owned all the capital stock of the *Schuster Realty Company* and by reason of the relation of such companies service of the notices required by sec. 3315, Stats., on either of said companies, however addressed, gave the notice required by said statutes to both companies. We think this finding is supported by the evidence. *Edw. Schuster & Co.* and *Schuster Realty Company* were in interest substantially the same company. *Edw. Schuster & Co.* in fact owned *Schuster Realty Company* by virtue of ownership of all its stock. Albert T. Friedman was president of *Edw. Schuster & Co.* and vice-president of *Schuster Realty Company.* Max Friedman was vice-president of *Edw. Schuster & Co.* and Frank E. Genens assistant secretary of *Edw. Schuster & Co.* and bookkeeper for *Schuster Realty Company.* The statutory notices under

sec. 3315 were served upon the above named parties by respondents who filed liens. It will be observed that this statute requires notice to be served upon the "owner or his agent" and does not require the notice to be addressed to the owner; simply requires that "written notice to the owner or his agent" shall be given. Notice to any officer in either *Edw. Schuster & Co.* or *Schuster Realty Company* under sec. 3315, in view of their relations to each other, was sufficient to give notice to both companies. *Haynes v. Kenosha E. R. Co.* 139 Wis. 227, 119 N. W. 568, 121 N. W. 124; *Milbrath v. State,* 138 Wis. 354, 120 N. W. 252; *Fernekes v. Nugent Sanitarium,* 158 Wis. 671, 149 N. W. 393.

6. Assignments of error 11 to 33, inclusive, relate mainly to alleged insufficiency of claims of subcontractors as liens by reason of failure to serve the statutory notices and insufficiencies in the petitions for liens.

We have before referred to the fact that service on an officer or agent of either *Edw. Schuster & Co.* or *Schuster Realty Company* was good service on either company. It was not necessary that the notice should be addressed to any one. It is sufficient without any title or address or if defectively entitled or addressed. *W. H. Pipkorn Co. v. Evangelical L. St. Jacobi Soc.* 144 Wis. 501, 504, 129 N. W. 516. It is further insisted under this head that as to some claims, even if notices were sufficient, no liens were established because of failure to file claims for liens against *Edw. Schuster & Co.,* the principal objection being that the claims for lien named *Schuster Realty Company* only, except that of *Buestrin Construction Company,* which names "Edw. Schuster Realty Company." It is contended that such claims filed did not comply with sec. 3320, Stats., which requires the claim for lien to state the "name of the person against whom the demand is claimed," because the name *Edw. Schuster & Co.* as owner was not stated. What has already been said we regard sufficient on this point.

Other findings of fact are attacked by appellant, but we do

not regard the contentions tenable.    We think all the findings of fact are supported by the evidence and that the findings support the judgment.

It seems that full costs in this court should not be allowed to defendants and respondents, but that the plaintiffs and respondents should have full costs.

*By the Court.*—The judgment of the court below is affirmed.    Full costs may be taxed in favor of plaintiffs and respondents.    Costs to defendants and respondents are limited to $10 attorney fees and disbursements to each who has filed a brief.