January Term,<br>1861.<br><br>GARDNER<br>v.<br>VAN NOR-<br>STRAND.

---

## GARDNER vs. VAN NORSTRAND.

If a creditor does any act injurious to a surety, or inconsistent with his rights, or omits to do any act when requested by the surety, which his duty requires him to do, and the omission proves injurious to the surety, in all such cases the surety is discharged.

A surety may become a creditor of the estate of his principal, previously deceased, by paying the debt after the same becomes due, without waiting to be sued therefor.

An agreement between a creditor and the administrator of the estate of the principal debtor, to delay bringing an action for the recovery of the debt, when the time thus granted does not extend beyond the period within which the creditor is precluded by the statute from bringing suit against such administrator, is not injurious to the surety, or inconsistent with his rights.

APPEAL from the Circuit Court for *Jefferson* County.

This was an action by the assignee of a promissory note against one of the makers, who signed the same as surety. The defense set up in the answer will appear from the opinion of the court. Verdict and judgment for the defendant.

*Enos & Hall*, for the appellant.

1. A contract to give time to the respondent would not discharge him. 2. The agreements set up in the answer were void; the first, for want of a consideration—interest then due not being a sufficient consideration (*Jenkins vs. Clark*, 7 Ohio, 72; *The Farmers' Bank of Canton vs. Reynolds*, 13 id., 84; *McCann vs. Dennett*, 13 N. H., 528; *Reynolds vs. Ward*, 5 Wend., 501); the second, because usurious and not binding upon the creditor, even though the usu-

rious consideration was paid. Gen. Laws of 1859, ch. 160, sec. 4; *Vilas vs. Jones*, 1 Coms., 286; *Richmond vs. Standclift*, 14 Vt., 258; *Schroeppel vs. Shaw*, 3 Coms., 446. 3. The agreement gave no time to the administratrix which the law had not already given. R. S. 1849, ch. 70, secs. 1, 5, 6, 15, 31, 60.

*Weymouth & Thorn*, for the respondent, contended that the established doctrine of the law is, that the surety is discharged when the obligee does any act which varies the terms of the original contract. *Bangs vs. Strong*, 7 Hill, 250; *King vs. Baldwin*, 2 Johns. Ch. R., 554; *Same Case*, 17 id., 384; *The Bank of Steubenville vs. Carroll*, 5 Ham., 207; *Joslyn vs. Smith*, 13 Vt., 353; *Bower vs. Tiermann*, 3 Denio, 378; *Fellows vs. Prentiss*, id., 512; *Huffmann vs. Hurlburt*, 13 Wend., 375; *Greeley vs. Dow*, 2 Met., 176.

April 10.     *By the Court*, COLE, J. There can be no doubt about the correctness of the rule of law, that if a creditor does any act injurious to the surety, or inconsistent with his rights, or omits to do any act when requested by the surety, which his duty enjoins him to do, and the omission proves injurious to the surety, in all such cases the surety will be discharged. This principle is elementary, and is not controverted by counsel on either side. But the whole contest grows out of the application of that general principle to the facts disclosed in the answer and proven on the trial. The answer states, in substance, that the respondent signed the note as surety for the maker, Brown; that Brown died leaving a large amount of property; that his widow administered upon the estate; that after the note became due, the respondent saw the appellant, and urged him to press the payment of the note, and if it was not paid, to *sue him*, as he wished, if he had the note to pay, to take steps to have the estate so administered as to be most to his benefit and that of the other creditors; that this request was frequently made; that the note was placed in the hands of an attorney for collection; that before the suit was actually commenced, the appellant entered into an agreement with the administratrix, without his knowledge, by which he agreed not to sue the

January Term, 1861.

GARDNER
v.
VAN NOR-
STRAND.

note, but to delay suit for three months or more, upon the interest being paid, and some costs; that this interest and costs were paid; that at the expiration of this time for which suit was to be delayed, the time for bringing suit was again extended eight days, for the consideration of three dollars; that owing to the want of diligence and capacity on the part of the administratrix, the estate of the principal has been wasted, and is insolvent; and that if the appellant had proceeded to collect the note when it became due, instead of agreeing to delay suit, the respondent, upon paying the note, would have become interested in the settlement of the estate, and could have expedited its settlement so as to have secured himself therefrom.

Conceding all these allegations to be strictly true, what defense do they offer to this suit? It is very manifest that the respondent might at any time have become a creditor of the estate of Brown by paying the note. It was not necessary that he should be sued on the note, in order to render him a creditor. He would have been in no better position, and no more able to control the settlement of the estate, after judgment against him than before. Besides, the agreement was, as we understand the answer, not to sue *him*, the respondent. How he could have been injured by such an arrangement we fail to perceive. But if this is not the right construction to be placed upon the allegations of the answer, then clearly the appellant, by the agreement, did not disable himself from sueing when he would otherwise have been entitled to sue. For by the statute in force, no suit could be instituted against the estate of Brown within a year (chapter 70, sections 31 and 60, R. S. 1849), unless the claim had been presented to commissioners, or the probate court, and had been disallowed. So that the agreement not to bring suit against the administratrix for the time mentioned—if that was really the agreement—was granting no more indulgence than the law gave her. How then can it be said that the appellant varied the contract, or suspended any right which he otherwise might have enforced, by the new agreement? The statute suspended the action, and he only agreed to do that which he was obliged by law to do.

VOL. XIII—35

In forbearing to sue the administratrix for four months or more, he did no act injurious to the respondent, or inconsistent with his rights, for the reason that the statute enjoined upon him this very forbearance. And his omitting to do what he could not by law do, ought not to discharge the surety.

We therefore think the instruction of the court, to the effect that if the jury found either or both the agreements to delay suit or demand of payment of the note, for a consideration, were made as stated in the answer, the surety was thereby discharged, was erroneous, and calculated to prejudice the appellant.

Judgment reversed, and a new trial ordered.