PRICE COUNTY BANK, Appellant, vs. McKENZIE, Respondent.

*November 30 — December 17, 1895.*

*Negotiable instruments: Suretyship: Discharge of indorser by misapplication of security: Renewal: Estoppel.*

An accommodation indorser of a note for the payment of which the payee holds security is discharged by the application to other purposes, without his knowledge, of the moneys realized from such security; and his indorsement of a renewal note, made after such misapplication, but without his knowledge thereof, is without consideration and does not estop him to deny further liability for the debt.

APPEAL from a judgment of the circuit court for Oneida county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

The action is upon the defendant's indorsement of a promissory note made by one James Sweeney to the plaintiff, January 5, 1893. The plaintiff is a bank at Fifield, Wis. On May 10, 1889, it held notes against Sweeney amounting to near $4,200. On one of these notes (a note of $500) the defendant was accommodation indorser. On that day the plaintiff took renewals of Sweeney's notes, and a chattel mortgage from Sweeney to secure them. Defendant indorsed the renewal note of $500, partly on the credit of this security. Afterwards Sweeney gave the plaintiff further security for these notes. The amount of all the notes secured did not exceed $4,200. In the fall of 1892 the plaintiff realized on its securities upward of $7,000, which it applied, under Sweeney's directions, but not upon the note on which defendant was indorser. The note in suit is a renewal of the defendant's original indorsement. At the time of indorsing it, defendant had no knowledge that plaintiff had realized upon the securities and applied the proceeds from them to other claims, but on the contrary supposed that the debt represented by the note was still protected by the securities.

The defendant claims that the misappropriation of the proceeds of the securities by the plaintiff released him from further liability for the debt represented by the note on which he was indorser, and that there was no consideration for his indorsement of the note in suit. The trial court directed a verdict in favor of the defendant. From judgment on that verdict this appeal is taken.

For the appellant there was a brief by *Jenkins & Jenkins,* and oral argument by *W. W. Jenkins.*

For the respondent there was a brief by *Geo. H. Singleton* and *Alban & Barnes,* and oral argument by *Mr. Singleton* and *Mr. John Barnes.* They argued, among other things, that a surety is released when the creditor parts with a lien for the payment of the principal's debt to which the surety has the right of subrogation. 24 Am. & Eng. Ency. of Law, 851; *American Bank v. Baker,* 4 Met. 177; *Baker v. Briggs,* 8 Pick. 129; *Springer v. Toothaker,* 43 Me. 381; *New Hampshire S. Bank v. Colcord,* 41 Am. Dec. 685, and cases in note; *Ives v. Bank of Lansingburgh,* 12 Mich. 361; *Lucas Co. v. Roberts,* 49 Iowa, 159; *Sample v. Cochran,* 84 Ind. 594; *Guild v. Butler,* 127 Mass. 386; *Hayes v. Ward,* 4 Johns. Ch. 129; *Blydenburgh v. Bingham,* 38 N. Y. 371; *Everly v. Rice,* 20 Pa. St. 297; Tiedeman, Comm. Paper, § 424; Edwards, Bills & N. (1st ed.), 292. "An indorser is entitled to be subrogated like a surety to any collateral security held for the payment of the note or bill." 3 Randolph, Comm. Paper, § 1434; *National Exch. Bank v. Silliman,* 65 N. Y. 475, 479; *Shutts v. Fingar,* 100 id. 543; *Bennett v. Cook,* 45 id. 268; *O'Hara v. Haas,* 46 Miss. 374; *Clason v. Morris,* 10 Johns. 524; *Beardsley v. Warner,* 6 Wend. 613. An indorser is a surety. *National Exch. Bank v. Silliman,* 65 N. Y. 479. The same causes which will discharge a surety on a promissory note will ordinarily discharge an indorser. Brandt, Suretyship, § 127; *Smith v. Rice,* 27 Mo. 505. Where the holder of collateral allows it to become barred by the stat-

ute of limitations, the indorser is discharged. 2 Am. & Eng. Ency. of Law, 388, note 1; *Fennell v. McGowan*, 58 Miss. 261; 2 Randolph, Comm. Paper, § 771. The surrender of collateral to the maker has the same effect. *Union Nat. Bank v. Cooley*, 27 La. Ann. 202. · The wrongful application of the proceeds derived from the sale of collaterals discharges the indorser. *Sitgreaves v. Farmers' & M. Bank*, 49 Pa. St. 359. The release of a levy made on the property of the maker discharges the indorser. *Priest v. Watson*, 75 Mo. 310; *Comm. v. Vanderslice*, 8 Serg. & R. 457; *McFadden v. Parker*, 4 Dallas, 275; *Smith v. Rice*, 72 Am. Dec. 281.

NEWMAN, J. The plaintiff realized from the sale of the mortgaged property more than sufficient to satisfy all the claims which it held against Sweeney at the time when the mortgages were taken, including the note on which defendant was indorser. It applied the money so received, under Sweeney's directions and without the defendant's knowledge, in part to the payment of claims against Sweeney, and to his use, arising subsequently to the execution of the mortgages. It is settled law that where a creditor has the means of satisfaction in his hands, or within his control as security, and does not use it for that purpose, but relinquishes to his debtor, or misapplies it to the payment of unsecured claims against his debtor, a surety for his debt will be discharged. *Hutchinson v. Woodwell*, 107 Pa. St. 509, 520; *City Bank v. Young*, 43 N. H. 457; *Burr v. Boyer*, 2 Neb. 265; *Guild v. Butler*, 127 Mass. 386; *Hall v. Hoxsey*, 84 Ill. 616. An indorser on a promissory note is a surety within this rule. *Batavian Bank v. McDonald*, 77 Wis. 486.

So far, then, as concerns the defendant, the debt for which he was liable on his indorsement was discharged, and he was released from further liability on account of it. At the time when he indorsed the renewal note, which is the note

in suit, he had no knowledge of the transactions between the plaintiff and Sweeney, whereby he had been released, but supposed that he was still liable upon his indorsement and that the plaintiff still held the security for his indemnity. The procuring of the renewal indorsement, in his ignorance of the real situation, operated as a fraud upon him. He was under no legal or moral obligation to pay the debt or to renew the indorsement. His subsequent express promise to pay it, made in such ignorance of the facts, was without consideration and is not binding upon him. *Gamage v. Hutchins*, 23 Me. 565; *Van Derveer v. Wright*, 6 Barb. 547. Nor was he estopped by that promise to deny further liability for the debt. *Fay v. Tower*, 58 Wis. 286.

The facts are undisputed. The judgment is right.

*By the Court.*— The judgment of the circuit court is affirmed.