HENRY A. PIERCE ET AL. V. ALICE E. ATWOOD.

FILED JANUARY 21, 1903. No. 12,900.

Commissioner's opinion, Department No. 3.

Mortgages: FORECLOSURE: FIRST LIEN: SECOND LIEN: MOTION FOR RESTITUTION. Pierce and Mrs. Cotterell, each holding a mortgage on the property of Mrs. Atwood, foreclosed their mortgages; the decree awarding Pierce a first lien on the property and Mrs. Cotterell the second lien. Pending an appeal to this court taken by Mrs. Atwood, the property was sold, and the proceeds of the sale, after satisfying the costs, were paid to the mortgagees. The amount was sufficient to satisfy the claim of Pierce, but not that of Mrs. Cotterell. This court reversed the decree of the district court so far as it awarded Pierce a lien on the property, holding that his mortgage could not be enforced against it, and affirmed the decree so far as it awarded a lien to Mrs. Cotterell. After this Mrs. Atwood filed a motion

Syllabus by court; catch-words by editor.

in the district court to compel Pierce to make restitution of the money paid to him. Mrs. Cotterell also appeared and made claim to the fund to the extent that her claim was unpaid. The district court ordered the whole amount paid to Mrs. Atwood. *Held*, That this was error and that Mrs. Cotterell was entitled to sufficient of the fund to satisfy her decree.

ERROR from the district court for Dodge county. Action to foreclose mortgage, brought by Pierce against defendant in error. Cross-petition by Cotterell. See opinion. Judgment awarding money received by plaintiff to defendant. Both Pierce and Cotterell bring error. Tried below before HOLLENBECK, J. *Reversed.*

*Courtright & Sidner*, for plaintiffs in error.

*Enos F. Gray*, contra.

DUFFIE, C.

Henry A. Pierce and Emeline L. Cotterell, the plaintiffs in error, each held a mortgage on premises owned by Mrs. Atwood. Pierce commenced foreclosure proceedings and Mrs. Cotterell filed a cross-petition asking a foreclosure of her mortgage. A decree was entered foreclosing both mortgages; Pierce being found entitled to a first lien and Mrs. Cotterell to a second lien. Mrs. Atwood appealed. Pending the appeal the building on the property was damaged by fire and the court required an increased supersedeas bond, which Mrs. Atwood failed to give. Thereupon the property was sold and the proceeds disposed of in the following manner: (1) To the payment of the costs; (2) to the payment of the amount found due Pierce upon his mortgage; (3) to the payment of the amount found due Mrs. Cotterell on her mortgage. The proceeds of the sale paid the costs and the Pierce mortgage, but were insufficient to pay the full amount due upon Mrs. Cotterell's claim. On the appeal this court reversed the decree of the district court so far as the Pierce mortgage was concerned, holding that his mortgage could not be enforced against the property, and affirmed the decree as

to Mrs. Cotterell's mortgage. See *Pierce v. Atwood*, 64 Nebr., 92. Upon the case being remanded, Mrs. Atwood filed a motion for restitution, claiming that the entire amount received by Pierce should be returned to her. Mrs. Cotterell intervened, claiming sufficient of the amount in Pierce's hands to satisfy her decree. Pierce does not deny that he should make restitution of the amount received by him, but he asked to be allowed to pay the amount into court and to be discharged, leaving Mrs. Atwood and Mrs. Cotterell to settle between themselves their right to the fund. The court refused to allow Pierce to pay the fund into court and to be discharged, and made an order requiring him to pay to Mrs. Atwood the full amount received by him on a sale of the mortgaged premises. From this order Pierce and Mrs. Cotterell have taken error to this court.

Upon the reversal of a judgment, the party procuring such reversal is entitled to restitution to the extent that he has been damaged by the error of the court. That Mrs. Atwood is entitled to restitution, is not denied by any of the interested parties; but the extent to which restitution should be made to her is the matter in dispute. If the district court had refused to recognize Pierce's mortgage as a lien upon Mrs. Atwood's property, then Mrs. Cotterell's mortgage would stand as a first lien thereon and the proceeds of the sale would have been paid to her to the full extent of her lien. To the extent that her lien remained unpaid, she, instead of Mrs. Atwood, is entitled to the fund in Pierce's hands. Mrs. Atwood is only entitled to such part of the fund paid to Pierce as may remain after satisfying Mrs. Cotterell's decree. To that extent only has she been damaged by the error of the district court. That is all she would have received from the proceeds of the sale had the district court committed no error, and she can not claim restitution beyond the amount to which she has been damaged.

In *Ranck v. Becker*, 13 Serg. & R. [Pa.], 41, it was held that where the defendant's land had been sold under a

reversed judgment, but was bound also by several judgments subsequent in date, justice required that the younger judgments, which were liens, should be protected upon the reversal of the older judgments; and accordingly the court, while ordering restitution, directed the restored money to be brought into court, after which it was to be applied to the discharge of all liens on the defendant's land according to their legal priority, and then the remainder, if any, paid to the defendant. This was what should have been done in this case. The money in Pierce's hands was the proceeds of a sale of property upon which Mrs. Cotterell had a mortgage which had been foreclosed and the amount unsatisfied. Her right to this fund to the extent of her unpaid lien can not be questioned.

The rule of the Pennsylvania court is the just and equitable one, and we recommend that the order complained of be reversed and the case remanded to the district court with directions to proceed in accordance with this opinion.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order complained of is reversed and the case remanded to the district court with directions to proceed in accordance with this opinion.

REVERSED AND REMANDED.