PAULY JAIL BUILDING & MANUFACTURING COMPANY, Appellant, vs. COLLINS, imp., Respondent

*February 20—March 9, 1909.*

*Principal and surety: Subcontractor's bond: Release of surety.*

1. Whenever a creditor has a right and opportunity to apply property of the principal debtor to the satisfaction or security of the debt, he owes to the surety a duty to do so, and release or waiver of that right to the prejudice of the surety and without his consent will discharge the latter, at least *pro tanto*.

2. A contractor, having the right under his agreement with a subcontractor to discharge the debts of the latter for material or labor out of each instalment when it became due to the subcontractor, or to withhold payment until receipts were produced, released that security and paid the subcontractor without requiring payment for the materials or labor which had been furnished to him. *Held*, that a surety upon the subcontractor's bond was thereby discharged from liability to the principal contractor for sums thereafter paid by him in discharge of claims for such material and labor.

APPEAL from a judgment of the circuit court for La Fayette county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

Plaintiff, having a contract for construction of certain county buildings wherein it was bound to complete and deliver the same free and clear of all liens and incumbrances for material and labor, in May, 1898, subcontracted to one Stewart the construction of one of the buildings, adopting in such subcontract the specifications of the original contract. Stewart agreed to deliver the building by September 15th "free and clear of all liens and incumbrances for material and labor," and to give bond conditioned for the "faithful performance of this contract and for the payment of all claims for materials furnished for and labor performed in the construction," etc. The plaintiff agreed to pay $5,500 (increased by extras to $5,900), to be paid on or about the first of each month upon

estimate by the superintendent of the value for material furnished and labor performed in the construction of the work the preceding month, the payment to be eighty-five per cent. of the estimate, which estimate should include material on the ground as well as wrought into the building, and that upon final completion of the work the balance of the contract price should be paid. It was provided:

"That the just claims of all persons furnishing material for or performing labor in the work embraced in this agreement shall be promptly paid by such subcontractor and receipts therefor delivered to said company [plaintiff], or said company may at its option pay any such claims from the amount at any time due or to become due to said subcontractor under the terms of this contract."

A bond was given, with the defendants as sureties, conditioned as above stated. The work was prosecuted nearly to completion by the subcontractor, in the course of which four estimates were made, and the eighty-five per cent. thereof, amounting to more than $4,200, was paid by the plaintiff directly to the subcontractor without requiring payment for the materials or labor entering into such estimates. In January the plaintiff exercised its right under the contract to suspend the subcontractor and complete the building. There then remained work to be done on the building amounting to less than $300, and there remained unpaid over $1,600 of the contract price; but it was found that a large quantity of material and some labor had not been paid for, amounting to some $2,200, payment of which was demanded from the county and from the plaintiff, and two or three suits were commenced, one by garnishment, and others against the county claiming recovery under sec. 3328, Stats. (1898). The plaintiff paid these bills, amounting, with the expenses of its agent and the cost of completing the building, to $2,700, for the balance of which, after subtracting the $1,600 due on the contract, this action is brought to recover from the sure-

ties, the subcontractor. having become insolvent. Only Collins was served with summons.

The trial court on these facts held that the sureties under the terms of the contract and bond were not liable for these bills to subcontractors of the subcontractor for material and labor, and also held that the plaintiff, by paying over to the subcontractor without enforcing its right under the contract to have said money applied in the payment of such bills, had released the sureties, and accordingly entered judgment for the defendant, from which the plaintiff brings this appeal.

The cause was submitted for the appellant on the brief of Spensley, McIlhon & Priestley and E. F. Conley, and for the respondent on that of Orton & Osborn.

Counsel for the appellant cited, among other cases, Leavel v. Porter, 52 Mo. App. 632; Hamilton v. Woodworth, 17 Mont. 327, 42 Pac. 849; Mayes v. Lane, 116 Ky. 566, 76 S. W. 399, 25 Ky. Law Rep. 824; Marree v. Ingle, 69 Ark. 126, 61 S. W. 369; Northern Light Lodge v. Kennedy, 7 N. Dak. 146, 73 N. W. 524.

To the point that the surety was discharged by the premature payments made to the subcontractor, counsel for the respondent cited Cowdery v. Hahn, 105 Wis. 455; Stephens v. Elver, 101 Wis. 392; Shelton v. Am. S. Co. 127 Fed. 736; Lucas Co. v. Roberts, 49 Iowa, 159; Lawhon v. Toors, 73 Ark. 473, 84 S. W. 636; Gato v. Warrington, 37 Fla. 542, 19 South. 883; Taylor v. Jeter, 23 Mo. 244; Electric A. Co. v. U. S. F. & G. Co. 110 Wis. 434; W. W. Kimball Co. v. Baker, 62 Wis. 526; Calvert v. London D. Co. 2 Keen (Eng. Ch.) 638, 644; Evans v. Graden, 125 Mo. 72, 28 S. W. 439; Simonson v. Grant, 36 Minn. 439; Bragg v. Shain, 49 Cal. 131; Board v. Branham, 57 Fed. 179; Stearns, Suretyship, 112; New Haven v. Eastern P. B. Co. 78 Conn. 689.

DODGE, J. The conclusion we have reached upon one of the several questions discussed is so decisive of the rights of the

parties as to obviate necessity of treating the others.  Conceding for the purposes of argument that the sureties upon this bond became obligated to pay to the plaintiff any sums it might pay in discharge of the principal's indebtedness for material and labor and not merely such as the plaintiff might be compelled or compellable to pay, there arises the other question whether defendant has been discharged from liability by the plaintiff's failure to avail itself of the right given it by the contract to pay all such debts of the principal out of the several instalments due the latter.  The rule is abundantly well settled that a creditor owes a known surety the duty to indulge in no transactions or dealings with the principal debtor which shall vary the surety's position or jeopardize him (*Omaha Nat. Bank v. Johnson,* 111 Wis. 372, 87 N. W. 237), and that whenever the creditor has a right and opportunity to apply property of the principal to the satisfaction or security of his debt he owes the surety the duty to do so, and release or waiver of that right to the prejudice of the surety and without his consent will discharge the latter, at least *pro tanto.*   *Price Co. Bank v. McKenzie,* 91 Wis. 658, 65 N. W. 507; *Plankinton v. Gorman,* 93 Wis. 560, 67 N. W. 1128; *Ringenoldus v. Abresch,* 119 Wis. 410, 416, 96 N. W. 817; *Lowe v. Reddan,* 123 Wis. 90, 100 N. W. 1038; *Pierce v. Atwood,* 67 Neb. 296, 93 N. W. 153; *Commercial Nat. Bank v. Henninger,* 105 Pa. St. 496; *German Nat. Bank v. Foreman,* 138 Pa. St. 474, 21 Atl. 20; 1 Daniel, Neg. Inst. § 326a.   A mere right or privilege as against the principal becomes a duty to the surety when failure to exercise it may prejudice him.  In the present case the plaintiff was accorded in the contract the plain right to discharge any and all of Stewart's debts for material or labor out of each instalment which at any time became due him or to withhold the payment until receipts were produced.  Most, if not all, of the debts which remained unpaid at the time of the suspension of Stewart existed before either the September 26th or the No-

vember 4th instalment was paid over and were less in amount than those two payments. Having the money thus in hand and having the right as between itself and Stewart to retain or apply the same in discharge of these debts for material and labor, it released that security and paid the money over to Stewart, whose disposal thereof was of course then beyond the control of either the plaintiff or the defendant. Had plaintiff, on the other hand, exercised its right to withhold enough of these instalments to pay those debts, the balance of the contract price remaining unpaid when Stewart defaulted would have been more than enough to pay the expenses of completing his contract. It is obvious that by such act the defendant suffered prejudice to the full extent of the liability now claimed against him, if liable therefor. *Lucas Co. v. Roberts,* 49 Iowa, 159; *Shelton v. Am. S. Co.* 127 Fed. 736; *McDowell v. Bank of W. & B.* 1 Harr. (Del.) 369. We agree with the trial court that thereby he has been discharged and that the judgment in his favor is correct

*By the Court.*—Judgment affirmed.

TIMLIN, J., dissents.