Weil-McLain Company, Respondent, vs. Maryland Casualty Company, Appellant.

*December 6, 1934—January 8, 1935.*

For the appellant there was a brief by *Sanders & McCormick* of Milwaukee, and oral argument by *A. J. Sanders.*

For the respondent there was a brief by *Bloodgood, Stebbins & Bloodgood,* attorneys, and *G. Kenneth Crowell* of counsel, all of Milwaukee, and oral argument by *Mr. Crowell.*

FAIRCHILD, J. Upon the trial in the civil court the evidence established the contract between the city and the appellant, the material portions of which read as follows:

"Paragraph 26. The contractor and sureties hereby agree to indemnify and save harmless the city of Milwaukee from . . . and against any and all claims, liabilities, actions and causes of action, costs, charges, and mechanic's liens, for labor performed or tools or materials furnished in the construction of the work and any and all costs. . . ."

"Paragraph 29. This agreement is, by consent of all parties hereto, made expressly subject to all the provisions of ch. 332 of the laws of the state of Wisconsin of 1878, entitled 'An Act to protect Laborers and Material Men in the city of Milwaukee,' approved March 21, 1878, and all subsequent amendments thereto."

"Paragraph 34. . . . Before final payment is made, satisfactory evidence must be given to the Board of Harbor Commissioners that all claims of laborers, material men, and subcontractors have been satisfied. . . ."

"Paragraph 36. The contractor shall pay promptly all claims for work and labor performed and materials furnished, and the surety herein shall be liable to the full extent of the contract price for the faithful performance of the contract, and the payment to each and every person or party entitled thereto of all claims for work and labor performed and material furnished for, in or about or under this contract."

The giving of the waiver of lien by respondent was not disputed. But the circuit court was of the opinion that the agent lacked authority to give the waiver; that in doing so he did not affect in any way the liability of the surety; and "that the waiver issued by Eugene Jones as agent of the plaintiff company October 30, 1931, was on condition only that the sum of $430.66 due the said plaintiff under the terms of said contract, was paid to the plaintiff and that same is no bar to the plaintiff nor a defense to the defendant, Maryland Casualty Company, and was without consideration." We hold this was error. The authority of Mr. Jones, the agent of respondent, to do what he did in this case sufficiently appears. He testified that he had charge

of respondent's office in the city of Milwaukee; that he executed four or five hundred such waivers of lien a year over a period of five years, but that he did not know whether the management in Chicago had knowledge that he "was executing these waivers of lien on their behalf but the sales manager did, the man who was my boss. As branch manager I had authority to enter into contracts for the sale of whatever Weil-McLain Company manufactured. I had authority to issue checks in their behalf."

Authority is the power of the agent to affect the legal relations of the principal by acts done in accordance with the principal's manifestations of consent to him. Restatement, Agency, § 7. The long course of dealing in transactions of the character here involved, and in the same manner, would hold out the agent to third persons as authorized to act for his employer. As said in the comment under Restatement, Agency, § 8: "The apparent agent may have authority which is coextensive with his apparent authority; . . ." When this is so, "the liability of the principal resulting from conduct of the agent may be based upon either authority or apparent authority."

As disclosed by the evidence and as ruled by the civil court, the lien laws of this state were a part of the contract. The right to a lien by a materialman is substantial. It constitutes a right to which the surety is entitled to subrogation upon the payment of the debt due the materialman. There was no occasion for disturbing the findings of fact made by the civil court, the evidence amply sustaining them. *Yahnke v. Lange,* 168 Wis. 512, 170 N. W. 722; *Harper v. McMahon,* 167 Wis. 383, 167 N. W. 431. By giving the waiver of lien to the principal contractor for the entire amount due it and thus enabling the debtor to secure from the city of Milwaukee full payment for the performance of his contract, respondent materially altered the relation of the parties. A creditor cannot compel the surety of his debtor to indemnify him against the results of his own legally inexcusable act by which he

surrenders to the debtor an effective means of collecting the debt, or so changes his position as to, give the debtor control of means which should be available to the creditor and to which the surety might succeed by subrogation. Respondent urges that there is a distinction between the facts of this case and those in the case of *Wisconsin E. S. Co. v. Fidelity & D. Co.* 191 Wis. 645, 211 N. W. 670. True, a receipt was used in that case as against a waiver of lien in this, but the law is well settled that a creditor owes a surety a duty to indulge in no transaction or dealing with the principal debtor which will vary the surety's position. *Pauly Jail B. & M. Co. v. Collins,* 138 Wis. 494, 120 N. W. 225. In the *Wisconsin E. S. Co. Case,* the writing used may have been more specific and final in its nature, but the principle upon which the surety was there released is the one which rules this case. The contractor used the waiver, the giving of which was calculated to and did induce the payment of the money and amounted to prejudice of the surety resulting in its discharge. "A mere right or privilege as against the principal becomes a duty to the surety when failure to exercise it may prejudice him." *Pauly Jail B. & M. Co. v. Collins, supra,* page 497. Had the respondent withheld the waiver of lien there would have been on hand, according to the evidence, a sufficient sum for the city to pay the debts arising out of the contract under consideration. The giving of the waiver of lien before payment of the debt destroyed an asset otherwise available to the surety and upon which it had a right to rely. By reason of respondent's acts, appellant has suffered damage to the full extent of the liability claimed against it. We agree with the civil court that the appellant, the surety, has been discharged and that judgment in its favor is the correct judgment.

*By the Court.*—Judgment of the circuit court reversed, and cause remanded with directions to affirm the judgment of the civil court.